UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

DAVID JAMES WARD,

        Petitioner,

v.

STATE OF MINNESOTA,

        Respondent.

Civil No. 13-2021 (SRN/JJK)

**REPORT AND RECOMMENDATION**

---

This matter is before the undersigned United States Magistrate Judge on Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket No. 1.) The case has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court will recommend that this action be summarily dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1]

**I. BACKGROUND**

In April 1983, Petitioner pled guilty to first degree criminal sexual conduct in the state district court for Hennepin County, Minnesota. (Petition, p. 1, §§ 1, 2(a), 5 and 6.) In May 1983, he was sentenced to 95 months in state prison. (Id., §§ 2(b) and 3.)

Petitioner did not file a direct appeal challenging his conviction and sentence. (Id., p. 2, § 8.) However, between 1987 and 2013, Petitioner challenged his 1983 conviction and sentence in several Minnesota state court post-conviction proceedings. (Id., pp. 3-11, §§ 11 and 12.)

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

In 1996, Petitioner was indicted for kidnaping in the United States District Court for the District of New Jersey. United States v. Ward, 131 F.3d 335, 338 (3rd Cir. 1997).[2] Petitioner later pled guilty to the charged offense, and he was sentenced to 720 months in

---

[2] The facts that precipitated Petitioner's federal criminal indictment were summarized by the Third Circuit Court of Appeals as follows:

> "On December 4, 1995, the defendant, David J. Ward, who was employed as a commercial truck driver, abducted a 24–year–old woman he met while she was working as a waitress and bartender at the bar of a Marriott Courtyard Hotel in New Jersey which Ward had been patronizing. Ward arrived at the bar at approximately 4 p.m. and stayed until approximately 9:30 p.m., at which time he left. Several hours later, after the bar closed, the victim also left and walked to her car in a nearby parking lot. Ward jumped on her back, hurled her to the ground, and after unsuccessfully attempting to tape her mouth, wrapped duct tape around her face and head, bound her hands and feet with plastic flexible cuffs, and carried her through a wooded area to his truck parked nearby. That night, in the sleeper compartment of his truck, Ward sexually assaulted the victim by, among other things, digital penetration of her vagina and unsuccessful penile penetration, followed by penile and digital penetration of her rectal area. Over the next three days, Ward kept the victim captive in his truck by binding and gagging her and by threatening to harm her. During this time, he delivered and picked up cargo in different states, including New York and Indiana. Also during this period, Ward brutally sexually assaulted the victim numerous other times, including performing oral and anal sex on her, forcing her to perform oral sex on him, ejaculating on her back, and inserting his fingers into her vagina.
>
> On December 7, Ward and the victim arrived at a truck stop in Indianapolis. Ward left his truck, telling the victim he would return in eight to 10 minutes. After Ward left the truck, the victim removed the plastic cuffs which bound her hands and ankles by using a nail clipper she found in the truck. She left the truck and after at first failing to enlist the assistance of a man at the truck stop, obtained the aid of another man who notified a security guard. The guard arrived on the scene promptly and called the police. By this time, Ward had fled in his truck. The victim described Ward to the police. Illinois State Police Officers arrested Ward a short time later on an interstate highway near Springfield, Illinois."

Ward, 131 F.3d at 338.

federal prison. Id. Petitioner's 1996 sentence in his federal kidnaping case was enhanced based on his 1983 Minnesota state court conviction for criminal sexual conduct. Id. He is presently serving his federal prison sentence at the United States Penitentiary in Tucson, Arizona.

Petitioner has challenged his 1996 federal kidnaping conviction and sentence in a direct appeal, (Ward, supra), and in at least four federal post conviction proceedings. See Ward v. United States, No. CIV.A. 08-889 (WHW), (D.N.J. 2008), 2008 WL 2622785; Ward v. Martinez, No. CIV.10-418WHW, CRIM.96-061WHW, (D.N.J. 2010), 2010 WL 1379591; Ward v. Martinez, No. 1:1-CV-1228 (M.D.Pa. 2010), 2010 WL 4868058; United States v. Ward, 760 F.Supp.2d 480 (D.N.J. 2011). All of those challenges have been unsuccessful.

Petitioner filed his current § 2254 habeas corpus petition on July 26, 2013. In this case, Petitioner is not directly challenging the 1996 federal kidnaping conviction and sentence for which is currently incarcerated. Instead, he is attempting to overturn his 1983 Minnesota state court conviction for criminal sexual conduct. Petitioner is seeking a writ of habeas corpus that would "[v]acate the unconstitutional state court prior conviction that is currently be[ing] used to enhance petitioner's federal sentence." (Petition, p. 15.)

The current habeas corpus petition presents several legal challenges to Petitioner's 1983 state court conviction. Petitioner contends, inter alia, that: (1) the state courts have deprived him of his constitutional right to due process and equal protection; (2) the county prosecutor impeded his right of access to the courts; (3) the state trial court has deprived him of his constitutional right to present evidence to support his defense; and (4) the state trial court erroneously denied his petition for post-conviction relief. (See Petition, pp. 5-11, § 12, and accompanying attachments and memorandum.)

For the reasons discussed below, the Court finds that none of Petitioner's current habeas corpus claims can be addressed on the merits, and this action must be summarily dismissed for lack of jurisdiction.

## II. DISCUSSION

Federal law requires that a "habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed." Maleng v. Cook, 490 U.S. 488, 490-91 (1989) (per curiam), citing 28 U.S.C. § 2254(a). The "in custody" requirement is a jurisdictional requirement. Id. at 490. If a habeas petitioner is not "in custody" under the conviction and sentence he is challenging, as of the date his petition is filed, then the petition must be summarily dismissed for lack of jurisdiction. See Charlton v. Morris, 53 F.3d 929, 929 (8th Cir.) (per curiam) ("District Court was without jurisdiction to address the merits of... section 2254 petition because [the petitioner]... was no longer 'in custody' for his state conviction"), cert. denied, 516 U.S. 926 (1995).

Petitioner is challenging a conviction that is 30 years old. He was given a 95-month sentence for that conviction, and that sentence must have expired at least 22 years ago. Indeed, Petitioner has candidly acknowledged, on at least one prior occasion, that he "has completed the sentence" that was imposed in his 1983 state criminal case.[3] Therefore, Petitioner is no longer "in custody" pursuant to that sentence for purposes of § 2254(a).

The Court recognizes that Petitioner's 1983 state court conviction has continued to have "collateral consequences," even though the sentence imposed in that case expired

---

[3] This acknowledgment appears in a memorandum that Petitioner filed in one of his previous state court post-conviction proceedings. (Petitioner's Exhibits, [Docket No. 2], Exhibit A, p. 13.)

long ago. One such collateral consequence is the enhancement of Petitioner's sentence in his 1996 federal kidnaping case.

It is well settled, however, that collateral consequences alone cannot satisfy the jurisdictional "in custody" requirement of the federal habeas corpus statute. The Supreme Court plainly stated in Maleng that "once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." 490 U.S. at 492.[4]

Collateral consequences can be significant if the statutory "in custody" requirement is satisfied when a habeas petition is filed, and jurisdiction therefore exists at the outset of the case. If the "in custody" requirement is satisfied when a petition is filed, the collateral consequences of the petitioner's conviction can prevent the case from becoming moot if the petitioner is released from custody before his petition is finally adjudicated. As long as a habeas petitioner was "in custody," (under the conviction and sentence challenged in his petition), when his case was filed, a federal court is not divested of jurisdiction by the petitioner's later release from custody. Maleng, 488 U.S. at 491-92 (a habeas petitioner's release from custody while his habeas case is pending does not preclude a federal court

---

[4] In Maleng, the Court explained that --

"In this case, the Court of Appeals held that a habeas petitioner may be 'in custody' under a conviction whose sentence has fully expired at the time his petition is filed, simply because that conviction has been used to enhance the length of a current or future sentence imposed for a subsequent conviction. We think that this interpretation stretches the language 'in custody' too far."

490 U.S. at 491.

from considering the constitutionality of the petitioner's conviction, because "the 'collateral consequences' of the petitioner's conviction... prevent[ ] the case from being moot"). See also Carafas v. LaVallee, 391 U.S. 234, 238 (1968) ("once the federal jurisdiction has attached in the District Court, it is not defeated by the release of the petitioner prior to completion of proceedings on such application"). However, while the collateral consequences of a conviction can prevent a habeas case from becoming moot if the habeas petitioner is released from custody while his petition is still pending, collateral consequences alone will not satisfy the jurisdictional "in custody" requirement that must be met at the outset of every habeas case. Maleng, 490 U.S. 491-92. Therefore, even though Petitioner may still be experiencing adverse consequences from his 1983 state court conviction, (most notably, the enhancement of his sentence in his 1996 federal kidnaping case), those collateral consequences do not cause him to be currently "in custody" under that conviction for purposes of § 2254(a). See Williamson v. Gregoire, 151 F.3d 1180, 1183 (9th Cir. 1998) ("even as the Supreme Court has expanded the reach of the 'in custody' requirement, it has consistently recognized a clear limitation: '[O]nce the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it'") (quoting Maleng, 490 U.S. at 492), cert. denied, 525 U.S. 1081 (1999). Thus, to the extent the Petition is directed solely at challenging Petitioner's 1983 conviction, he is not "in custody" within the meaning of § 2254, and we lack jurisdiction to consider such a challenge.

Although Petitioner brings this action as an application for a writ of habeas corpus under § 2254, the statute that gives this court the power to entertain constitutional challenges to

state court convictions by prisoners in state custody, it appears that he may actually be challenging his enhanced 1996 federal sentence on the grounds that the 1983 state conviction is allegedly invalid. (Petition, p. 15 (discussing the use of his state court conviction "to enhance petitioner's federal sentence").) But even if Petitioner is raising such a challenge, it is clear he is entitled to no relief. In Maleng the Supreme Court declined to address the extent to which an earlier state conviction for which the sentence had expired could be subject to challenge in an attack on a subsequent sentence it was used to enhance. But the Court resolved that question in Lackawanna County District Attorney v. Coss, 532 U.S. 394 (2001). In Lackawanna, the Court held that if a state court conviction, which has become conclusively valid by a defendant's failure to pursue a direct or collateral attack (or because the defendant has done so unsuccessfully), is used to enhance a subsequent criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained. Id. at 403–04. The only exception to this general rule is when the petitioner can show that his prior conviction was obtained by proceedings where he was not appointed counsel in violation of the Sixth Amendment. Id. at 404–06. As noted above, Petitioner has already unsuccessfully challenged his 1983 conviction and sentence in several Minnesota state court post-conviction proceedings, and that sentence is conclusively valid as a result. Nor has Petitioner provided any showing of a failure to appoint counsel for him in his prior state criminal case. Following Lackawanna, therefore, he cannot use this § 2254 Petition to challenge his enhanced federal sentence on grounds that his 1983 conviction was allegedly invalid. See also Daniels v. United States, 532 U.S. 374, 382 (2001).

In addition, Petitioner could not seek collateral review of his 1996 federal sentence here in the District of Minnesota, because (a) his 1996 federal criminal case was not adjudicated in this District, (so he could not seek collateral relief here under 28 U.S.C. § 2255), and (b) he is not currently confined in this District, (so he could not seek collateral relief here under 28 U.S.C. § 2241). And because a collateral challenge to Petitioner's sentence enhancement would be barred by Lackawanna, it would be futile to transfer this case to another district, such as the district in which he was convicted, or the district in which he is now confined, that might have jurisdiction to review such a collateral challenge.

Finally, Petitioner has already challenged his 1996 federal conviction and sentence in several prior post-conviction proceedings, so any new collateral challenges brought at this late date would undoubtedly be time-barred and/or barred by the rules restricting successive post-conviction actions.

### III. CONCLUSION

In sum, Petitioner cannot challenge the legality of his 1983 Minnesota state court criminal conviction in the present federal habeas corpus proceeding, because his sentence in that case expired long ago, and he was not "in custody" under that conviction when he filed this action. Because the statutory "in custody" requirement is not satisfied, Petitioner's current habeas corpus petition must be summarily dismissed for lack of jurisdiction. Love v. Tippy, 128 F.3d 1258, 1258 (8th Cir. 1997) (per curiam); Charlton, 53 F.3d at 929. Nor can Petitioner challenge his federal sentence enhancement on grounds that the conclusively valid state court conviction used to enhance it was allegedly unconstitutionally obtained.

Having determined that this case must be dismissed for lack of jurisdiction, the Court will further recommend that Petitioner's pending application to proceed in forma pauperis, (Docket No. 2), be summarily denied. See 28 U.S.C. § 1915(e)(2)(B)(ii); see also, Kruger v. Erickson, 77 F.3d 1071, 1074, n. 3 (8th Cir. 1996) (per curiam) (IFP application should be denied where habeas petition cannot be entertained). Petitioner has also filed an anomalous motion entitled "Motion Requesting Subpoena for Documents," (Docket No. 7), which must also be summarily denied due to the lack of jurisdiction in this case.

## IV. CERTIFICATE OF APPEALABILITY

A § 2254 habeas corpus petitioner cannot appeal an adverse ruling on his petition unless he is granted a Certificate of Appealability, ("COA"). 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A COA cannot be granted, unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. Daniel, 529 U.S. 473, 484 (2000).

In this case, it is highly unlikely that any other court, including the Eighth Circuit Court of Appeals, would decide Petitioner's claims any differently than they have been decided here. Petitioner has not identified, and the Court cannot independently discern, anything novel, noteworthy or worrisome about this case that warrants appellate review. It is therefore recommended that Petitioner should not be granted a COA in this matter.

## V. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Petitioner's application for a writ of habeas corpus, (Docket No. 1), be **DENIED**;

2. Petitioner's application for leave to proceed in forma pauperis, (Docket No. 2), be **DENIED**;

3. Petitioner's "Motion Requesting Subpoena for Documents," (Docket No. 7), be **DENIED**;

4. This action be **DISMISSED FOR LACK OF JURISDICTION**; and

5. Petitioner should **NOT** be granted a Certificate of Appealability.

Dated: August 7, 2013

    s/ Jeffrey J. Keyes
JEFFREY J. KEYES
United States Magistrate Judge

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **August 21, 2013**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to 3500 words. A judge shall make a de novo determination of those portions of the Report to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.