## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| David James Ward,<br><br>            Petitioner,<br><br>v.<br><br>State of Minnesota,<br><br>            Respondent. | Case No. 13-cv-2021 (SRN/JJK)<br><br><br>**MEMORANDUM OPINION<br>AND ORDER** |

David James Ward, Tucson, Arizona, *pro se*.

Jean E. Burdorf and Lee W. Barry, III, Hennepin County Attorney's Office, 300 South 6th Street, Suite C-2000, Minneapolis, Minnesota 55487, for Respondent.

SUSAN RICHARD NELSON, United States District Judge

## I.   INTRODUCTION

This matter is before the undersigned United States District Court Judge for consideration of Petitioner David James Ward's Objections [Doc. No. 11] to United States Magistrate Judge Jeffrey J. Keyes' August 7, 2013, Report and Recommendation [Doc. No. 10]. The Magistrate Judge recommended that (1) Petitioner's Application for a Writ of Habeas Corpus [Doc. No. 1] be denied; (2) Petitioner's Application for Leave to Proceed In Forma Pauperis [Doc. No. 3] be denied; (3) Petitioner's Motion Requesting Subpoena for Documents [Doc. No. 7] be denied; (4) this action be dismissed for lack of jurisdiction; and (5) Petitioner be denied a Certificate of Appealability. (Aug. 7, 2013,

Report and Recommendation at 10 [Doc. No. 10].)  For the reasons set forth below, the Court overrules Petitioner's objections and adopts the Report and Recommendation in its entirety.

## II.    BACKGROUND

The Magistrate Judge's Report and Recommendation thoroughly describes the factual and procedural background of Petitioner's case, and the Court incorporates it here by reference.  In April 1983, Petitioner pled guilty to first degree criminal sexual conduct in Hennepin County District Court.  In May 1983, he was sentenced to ninety-five months in state prison.  Petitioner did not directly appeal his conviction and sentence, but he challenged his 1983 conviction and sentence in several Minnesota state court post-conviction proceedings.

In 1996, Petitioner was indicted for kidnapping in the United States District Court for the District of New Jersey.  United States v. Ward, 131 F.3d 335, 338 (3d Cir. 1997).  Petitioner pled guilty to this offense, and he was sentenced to 720 months in federal prison.  Petitioner's 1996 sentence in the federal case was enhanced based on his 1983 Minnesota state court conviction for criminal sexual conduct.  Petitioner directly appealed his 1996 federal kidnapping conviction and sentence, and he challenged both in several federal post-conviction proceedings—all of which was unsuccessful.  Petitioner is currently at the United States Penitentiary in Tucson, Arizona.

On July 26, 2013, Petitioner filed the instant § 2254 habeas corpus petition, seeking to overturn his 1983 Minnesota state court conviction.  Petitioner seeks to "[v]acate the unconstitutional state court prior conviction that is currently be[ing] used to

enhance petitioner's federal sentence." (Pet. at 16 [Doc. No. 1].)  Petitioner challenged

the 1983 state court conviction on the following grounds: (1) the state courts deprived

him of his constitutional right to due process and equal protection; (2) the county

prosecutor impeded his right of access to the courts; (3) the state trial court deprived him

of his constitutional right to present evidence to support his defense; and (4) the state trial

court erroneously denied his petition for post-conviction relief.

On August 7, 2013, the Magistrate Judge concluded that "none of Petitioner's

current habeas corpus claims can be addressed on the merits, and this action must be

summarily dismissed for lack of jurisdiction."  (Aug. 7, 2013, Report and

Recommendation at 4 [Doc. No. 10].)  Specifically, the Magistrate Judge found that this

Court lacks subject matter jurisdiction over this matter because: (1) Petitioner is not in

custody for the 1983 conviction he seeks to collaterally attack in this Petition; (2) the

collateral consequences, i.e., the enhancement of his 1996 sentence, alone, does not

satisfy the in-custody jurisdictional requirement of the federal habeas corpus statute, and

(3) any effort to attack his 1996 sentence is time-barred and/or in violation of the rules

restricting successive post-conviction actions.

On August 19, 2013, Petitioner filed his objections to the August 7, 2013, Report

and Recommendation.  (Objection to the Report and Recommendation by the United

States Magistrate Judge Jeffrey J. Keyes dated August 7, 2013 [Doc. No. 11].)  Petitioner

argues that this Court has jurisdiction over this case and ought to address the merits of his

challenge to the 1983 state court conviction.  (Id. at 2-4.)  Petitioner also argues that the

Magistrate Judge failed to consider Petitioner's claim of ineffective assistance of counsel.

(Id. at 5.)

## III.   DISCUSSION

### A.  Standard of Review

A party "may file and serve specific written objections to a magistrate judge's proposed findings and recommendations."  D.Minn. LR 72.2(b)(1).  The district court will review *de novo* those portions of the Report and Recommendation to which an objection is made, and it "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(3); D.Minn. LR 72.2(b)(3).  Ordinarily, the district judge relies on the record of proceedings before the magistrate judge.  D.Minn. LR 72.2(b)(3).

Under 28 U.S.C. § 2254, federal court habeas review of state court criminal convictions resulting in incarceration is limited:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State Court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

### B.  Objections

#### 1.  Lack of Subject Matter Jurisdiction

Petitioner argues that the Magistrate Judge incorrectly concluded that this Court

lacks jurisdiction over the § 2254 petition and should have addressed his arguments on the merits. (Objection at 3 [Doc. No. 11].)  The Court respectfully disagrees.

Federal courts have limited, not general, jurisdiction. Clark v. Baka, 593 F.3d 712, 714 (8th Cir. 2010). Therefore, "a federal court's first duty is to determine whether any matter is properly within its purview." Willhite v. Collins, 385 F. Supp. 2d 926, 928 (D. Minn. 2005). Under federal law, a habeas petitioner must be "in custody" under the conviction or sentence under attack at the time his petition is filed. Maleng v. Cook, 490 U.S. 488, 490-91 (1989) (citing 28 U.S.C. § 2254(a)). The "in custody" requirement is a jurisdictional requirement. Id. at 490. If a habeas petitioner is not "in custody" under the conviction and sentence he is challenging, as of the date his petition is filed, the Court must summarily dismiss the petition for lack of jurisdiction. Charlton v. Morris, 53 F.3d 929, 929-30 (8th Cir. 1995).

The Magistrate Judge properly determined that Petitioner is no longer "in custody" under the conviction and sentence imposed in his 1983 state criminal case. As the Magistrate Judge noted, the state conviction occurred thirty years ago, and the ninety-five month sentence for this conviction expired at least twenty-two years ago. Petitioner acknowledged that he completed the sentence imposed in the state criminal case. (Pet'r's Ex. A at 13 [Doc. No. 2-4].) These circumstances support a finding that Petitioner is not "in custody" for the conviction that he challenges currently.

Petitioner argues that the Magistrate Judge improperly "focuse[d] his report and recommendation on collateral consequences as if there is nothing else to consider in petitioner's instant 28 U.S.C. § 2254." (Objections at 3 [Doc. No. 11].)  The Court

5

respectfully disagrees.  Consideration of collateral consequences to Petitioner's 1983

state court conviction was proper, because the Supreme Court has held that collateral

consequences alone cannot satisfy the jurisdictional "in custody" requirement of the

federal habeas corpus statute.  See Maleng, 490 U.S. at 492 (noting that "once the

sentence imposed for a conviction has completely expired, the collateral consequences of

that conviction are not themselves sufficient to render an individual 'in custody' for the

purposes of a habeas attack upon it").  The Supreme Court also clarified that

> . . . once a state conviction is no longer open to direct or collateral attack in
> its own right because the defendant failed to pursue those remedies while
> they were available (or because the defendant did so unsuccessfully), the
> conviction may be regarded as conclusively valid . . . If that conviction is
> later used to enhance a criminal sentence, the defendant generally may not
> challenge the enhanced sentence through a petition under § 2254 on the
> ground that the prior conviction was unconstitutionally obtained.

Lackawanna Cnty. Dist. Attorney v. Coss, 532 U.S. 394, 403-04 (2001).  An exception to

this general rule occurs when the prior conviction was obtained by proceedings where the

petitioner was not appointed counsel in violation of the Sixth Amendment.  Id. at 404-06.

Here, because Petitioner's sentence for the state criminal conviction has long

expired, the collateral consequences alone are insufficient to render Petitioner "in

custody" as required under § 2254.  See Maleng, 490 U.S. at 492.  Moreover, the Court

views the state criminal conviction as conclusively valid because Petitioner

unsuccessfully challenged the conviction and sentence in several Minnesota state court

post-conviction proceedings.  See Lackawanna, 532 U.S. at 403-04.  As the state

conviction was later used to enhance Petitioner's 1996 sentence in the federal kidnapping

case, Petitioner may not challenge the enhanced sentence under § 2254 on the basis that

the 1983 conviction was unconstitutionally obtained.  See id.  The exception to the

general rule is not present in this case, because the record does not show that Petitioner

was not appointed counsel in violation of the Sixth Amendment.  See id. at 404-06.

Minnesota has a "strong interest in preserving the integrity of the judgment," and other

jurisdictions, such as the United States District Court for the District of New Jersey,

acquired such an interest as well.  See id. at 403.  The Court finds that the Magistrate

Judge properly analyzed the collateral consequences here for jurisdictional purposes.

For these reasons, the Court concludes that it lacks subject matter jurisdiction over

the instant petition.

### 2.  Ineffective Assistance of Counsel

Petitioner also objects that the Magistrate Judge "failed to mention ineffective

assistance of counsel for trial counsel's failure to raise the viable defense of insanity."

(Objections at 5 [Doc. No. 11].)  Because the Court agrees with the Magistrate Judge's

recommendation that there is no federal jurisdiction over the instant petition, the Court

does not proceed to the merits of Petitioner's challenge to the 1983 state court conviction.

Thus, the Court declines to address Petitioner's arguments concerning ineffective

assistance of counsel.

## IV.   ORDER

The Court therefore **OVERRULES** Petitioner's Objections [Doc. No. 11] and

**ADOPTS** the Magistrate Judge's August 7, 2013, Report and Recommendation [Doc.

No. 10].  Accordingly, **IT IS HEREBY ORDERED** that:

1.  Petitioner's Application for a Writ of Habeas Corpus [Doc. No. 1] is **DENIED**;

2. Petitioner's Application for Leave to Proceed In Forma Pauperis [Doc. No. 3] is **DENIED**;

3. Petitioner's Motion Requesting Subpoena for Documents [Doc. No. 7] is **DENIED**;

4. This action is **DISMISSED WITH PREJUDICE** for lack of jurisdiction; and

5. Petitioner is **DENIED** a Certificate of Appealability.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated:       October 16, 2013                    s/ Susan Richard Nelson
                                                 SUSAN RICHARD NELSON
                                                 United States District Court Judge