UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| DAVID JAMES WARD, | Case No. 13-CV-2021 (SRN/JJK) |
| Petitioner, | |
| v. | ORDER |
| STATE OF MINNESOTA, | |
| Respondent. | |

Petitioner David James Ward filed a petition for a writ of habeas corpus in July 2013 pursuant to 28 U.S.C. § 2254. In a Report and Recommendation ("R&R") dated August 7, 2013, Magistrate Judge Jeffrey J. Keyes recommended that Ward's petition be denied and that this action be dismissed for lack of jurisdiction, as Ward was no longer in custody as a result of the state conviction he hoped to challenge in his habeas petition. *See* ECF No. 10. The Court overruled Ward's objections to the R&R, dismissed this action with prejudice, and declined to issue a certificate of appealability. *See* ECF No. 13. The Eighth Circuit Court of Appeals likewise denied Ward's application for a certificate of appealability. *See* ECF No. 23. The Eighth Circuit did, however, modify the judgment in this matter to be without prejudice, as Ward's habeas petition was denied for lack of jurisdiction.

Ward filed a motion to reopen this matter in July 2014. *See* ECF No. 28. Ward noted that the Eighth Circuit had modified the judgment in this matter to be without prejudice, thus (he argued) allowing him to renew the arguments he made in his habeas petition. *Id*. The Court denied Ward's motion to reopen the case, noting that the Eighth Circuit "did not reverse the

District Court's determination that it lacked jurisdiction" and that the substance of the Court's decision had not been modified in any way. *See* ECF No. 33 at 2.

This matter is now before the Court on Ward's application to proceed *in forma pauperis* ("IFP") in his appeal of the order denying his motion to reopen this case. *See* ECF No. 35. Based on the disclosures in his IFP application and the information provided in the prison trust statement attached to that application, Ward is financially eligible for IFP status. That said, even if a litigant is found to be indigent, IFP status on appeal will be denied if the Court finds that the litigant's appeal is not taken "in good faith." 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). To determine whether an appeal is taken in good faith, the Court must decide whether the claims to be decided on appeal are factually or legally frivolous. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). An appeal is frivolous, and thus cannot be taken in good faith, "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Ward's appeal is frivolous. He seeks to reopen this matter under Rule 60(b)(6) of the Federal Rules of Civil Procedure, which permits a court to "relieve a party or its legal representative from a final judgment, order, or proceeding . . . for any . . . reason that justifies relief." According to Ward, the Eighth Circuit's modification of the judgment in this case from dismissal *with* prejudice to dismissal *without* prejudice is a "reason that justifies relief" from the judgment in this matter. Fed. R. Civ. P. 60(b)(6). But Ward's arguments with respect to whether this Court has jurisdiction to consider his habeas petition are no more availing today than they were in October 2013 (when the Court denied Ward's habeas petition and dismissed this action) or in March 2014 (when the Eighth Circuit declined to issue Ward a certificate of appealability). The threshold question in this matter — whether Ward was "in custody" for purposes of

§ 2254(a) at the time he filed his habeas petition — has been fully litigated. The Eighth Circuit's modification of the dismissal to be without prejudice does not change the fact that Ward's substantive arguments as to whether he was "in custody" are without merit, and reopening this matter could only result in another dismissal of Ward's habeas petition for lack of jurisdiction. And there is no arguable basis in law or fact for the argument that this matter should be reopened under Rule 60(b)(6) only for a second, unnecessary judgment of dismissal to be entered immediately thereafter.

The Court therefore concludes that Ward's appeal is frivolous and not taken in good faith, as the Supreme Court has defined those terms. Because Ward's appeal is not taken in good faith, the Court denies his application to proceed IFP on appeal. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3).

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED that the application to proceed *in forma pauperis* on appeal of petitioner David James Ward [ECF No. 35] is DENIED.

Dated: January  9 , 2015               s/Susan Richard Nelson
                                       SUSAN RICHARD NELSON
                                       United States District Court Judge